UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRADLEY SMITH

VERSUS

SHELTER MUTUAL INSURANCE CO.

CIVIL ACTION

NO. 15-357-JJB-RLB

## RULING ON MOTION TO DIMISS OR STAY PROCEEDINGS

This matter is before the Court on a Motion (Doc. 6) to Dismiss or Alternatively to Stay Proceedings brought by Defendant, Shelter Mutual Insurance Company ("Shelter"). Plaintiff, Bradley Smith ("Smith"), has filed an opposition (Doc. 9). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.

### I. Background

Smith filed a state court lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, arising out of an automobile-pedestrian hit that occurred on August 13, 2001. *Compl.* ¶ 5-6, Doc. 1. Paul Babin, the insured, and his insurance provider, Shelter, were made defendants in the lawsuit. *Def.'s Supp. Mem.* 1, Doc. 6-1. Babin filed a cross-claim against Shelter for (1) failure to defend, (2) indemnification, (3) misrepresentation, and (4) bad faith. *Cross-Claim*, Doc. 6-2. The issues were bifurcated, a jury trial was held on liability, and a bench trial was held on the cross-claim. *Final J.* 1, Doc. 6-3. On February 27, 2015, the trial court rendered a final judgment that: (1) dismissed with prejudice Babin's cross-claims against Shelter;[1] and (2) found for Smith and against Babin and Shelter as to liability.[2] *See id.*

---

[1] The defendant asserts that Babin's cross-claim was dismissed in its entirety by the Final Judgment. *Def.'s Supp. Mem.* 1, Doc. 6-1. However, the "Final Judgment" attached to the Defendant's brief only contains the first and third page of the Final Judgment—page two is missing. *See Cross-Claim*, Doc. 6-2. It is unclear if the missing page contains any information pertinent to this ruling. The Final Judgment, as provided to this Court, only mentions the

1

Both Babin and Shelter independently appealed the Final Judgment. According to Smith, Shelter filed a devolutive appeal of the Final Judgment on two grounds. First, Shelter appealed the jury's finding that Babin did not subjectively intend to cause Smith's injuries, which is only relevant to certain exclusionary language found in Shelter's insurance policy. *Pl.'s Opp'n Mem.* n.1, Doc. 9 (citing Shelter's Appeal Brief[3]). Second, Shelter appealed the calculation of judicial interest, alleging an error was made in the jury's calculation. *Id.* According to Smith, Shelter did not appeal Babin's liability for the accident or the jury's damage award. *Id.* at 1. In his answer to Shelter's appeal, Babin appealed the final judgment in his own right, stating that it was legal and reversible error for the trial court to: (1) fail to rule that Shelter had a duty to defend and/or indemnify Babin and (2) fail to find Shelter in bad faith for failing to defend and/or indemnify Babin. *Answer to Appeal*, Doc. 6-5. The appeal is presently before the Louisiana First Circuit Court of Appeal.

In the meantime, Smith filed this present action, under an assignment of rights from Babin, alleging several causes of action. *See Compl.*, Doc. 1. In its motion, Shelter requested that this case be dismissed or alternatively stayed under the *Rooker / Feldman* doctrine or various other abstention doctrines.

## II. Discussion

---

duty to defend and bad faith cross-claims. *Id.* at 3 ("**IT IS FURTHER ORDERED** that, with respect to the cross claims of Paul A. Babin, the claims for *duty to defend* against Shelter Mutual Insurance Company be and hereby are dismissed, with prejudice. **IT IS FURTHER ORDERED** that, with respect to the cross-claim of Paul Babin, the claims for *bad faith insurance practices* under La. R.S. 22:1892 and 1973 against Shelter Mutual Insurance Company be and hereby are dismissed, with prejudice." (emphasis added)).

[2] The jury rendered a verdict as follows: "a. Do you find that Paul Babin was at fault and such fault was the cause in fact of the accident? – 'Yes'; b. Do you find that Paul Babin intentionally made contact with Bradley Smith? – 'Yes'; c. Were the damages to Bradley Smith, resulting from defendant Paul Babin's actions, expected or intended from the standpoint of defendant Paul Babin? – 'No'[.]"

[3] Neither party attached Shelter's Appeal Brief and therefore the Court can only assume, for purposes of this ruling, that the plaintiff has accurately portrayed Shelter's appeal. *See Pet. & Order for Devolutive Appeal*, Doc. 6-4 (merely stating: "Petitioner desires to appeal devolutively from that [final] judgment.").

Before deciding whether to dismiss or stay a case under the *Rooker / Feldman* or other abstention doctrines, the Court must first know what claims and issues are before it and how they relate to the state court claims.  The defendant contends that Smith's federal case alleges Shelter's failure to provide a defense to Babin and misrepresentation of its insurance policy. *Def.'s Supp. Mem.* 2, Doc. 6-1 ("[Smith] seeks to have this Honorable Court weigh in on whether the state court decision dismissing Paul Babin's cross-claim was correct while that same state court decision is on appeal with the Louisiana First Circuit Court of Appeal.").  The plaintiff presents its Complaint as "seeking to collect, under an assignment of rights, the excess judgment [and] damages pursuant to La. R.S. 22:1973 and La. R.S. 1982 for Shelter's misrepresentation of its policy." *Pl.'s Opp'n Mem.* 2, Doc. 9 ("Smith's claim is an *independent claim* for excess judgment liability." (emphasis added)).  After reviewing the briefs and carefully assessing the plaintiff's Complaint, the Court construes the plaintiff's claims as the following: (1) failure to defend Babin in the state court litigation; (2) failure to reasonably settle the state court case; and (3) misrepresentation of the insurance policy.  *See Compl.* ¶ 9, 13, 15, Doc. 1.

"The *Rooker/Feldman* doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).  Over time the Supreme Court has made it clear that the *Rooker/Feldman* doctrine is an extremely narrow doctrine.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005); *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013).  "The *Rooker/Feldman* doctrine is confined to cases of the kind from which is acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 281.  Generally, the doctrines of comity

3

or abstention "permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Id.* at 282.  The various different abstention doctrines, e.g., *Colorado River*,[4] *Pullman*,[5] *Burford*,[6] and *Younger*,[7] apply in their own unique and narrow factual situations.  In addition to the above-mentioned doctrines, the district court has a general discretionary power to stay proceedings in the interest of justice and in control of their dockets. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544-45 (5th Cir. 1983).

In this case, Shelter has not shown that abstention is proper under any of the above-mentioned doctrines.[8]  Additionally, a ruling by this Court would, at least in part, affect the state court proceedings.  Pretermitting application of the *Rooker/Feldman* doctrine, the Court utilizes its general discretionary power to stay these proceedings pending the conclusion of the state court appeal.

### III. Conclusion

For the reasons stated herein, this case is **STAYED** pending the conclusion of the state court appeal.  Plaintiff is directed to contact chambers once the state court proceedings have concluded.

Signed in Baton Rouge, Louisiana, on October 26, 2015.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).
[5] *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).
[6] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).
[7] *Younger v. Harris*, 401 U.S. 37 (1971).
[8] Shelter merely stated that "comity or abstention doctrines require a federal court to stay or dismiss the federal action in favor of state-court litigation" and then provided a string citation to *Colorado River*, *Younger*, *Buford*, and *Pullman*. Def.'s Supp. Mem. 3, Doc. 6-1.  A one line statement concerning the general principle of abstention, followed by a string cite to the various abstention doctrines, is wholly insufficient to demonstrate how each doctrine applies to the facts of this case.  It is not the job of the district court to infer arguments on behalf of the parties.