UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRADLEY W. SMITH

VERSUS

SHELTER MUTUAL INSURANCE CO.

CIVIL ACTION

NO. 15-357-JJB-RLB

## RULING

This matter is before the Court on a Motion for Summary Judgment (Doc. 20) brought by the defendant, Shelter Mutual Insurance Co. ("Shelter"). The plaintiff, Bradley W. Smith "Smith," filed an opposition (Doc. 25) and the defendant filed a reply brief (Doc. 26). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the defendant's Motion for Summary Judgment (Doc. 20) is **GRANTED in part and DENIED in part**.

**I.    BACKGROUND**

This lawsuit involves the subsequent litigation arising out of an August 13, 2001, motor vehicle accident between a vehicle operated by Paul Babin ("Babin") and a vehicle operated by the plaintiff, Smith. Smith initially filed a state court action in the 19th Judicial District Court in Baton Rouge, Louisiana. At the time of trial in 2014, the remaining defendants were Shelter and Babin.

Shelter originally issued an automobile liability policy to Babin, subject to the terms and conditions of the policy. After the accident, Shelter maintained that Babin was excluded from coverage for the tort in question because of an "intentional act exclusion" contained in the Shelter policy. Additionally, a dispute over liability existed up to and through the trial because Babin maintained that he never hit Smith.

1

The parties tried this case in the 19th Judicial District Court for the Parish of East Baton Rouge. The trial judge, in a bifurcated trial, dismissed with prejudice the cross-claims of Babin against Shelter for alleged bad faith in refusing to provide Babin with a legal defense, misrepresenting the coverage under the Shelter policy, and failure to indemnify Babin. Specifically, the trial court judgment stated: (a) Shelter did not have duty to defend Babin; and (b) Shelter was not liable to Babin for the claims "for bad faith insurance practices under La. R.S. 22:1892 and 1973." *See Final J.* 3, Doc. 20-5.

Babin then appealed to the Louisiana First Circuit Court of Appeal, seeking to reverse the trial court's judgment that Shelter did not have a duty to defend Babin. *Smith v. Babin*, No. 2015 CA 1029, 2016 WL 1535692, at *4 (La. App. 1 Cir. April 15, 2016). The Louisiana First Circuit affirmed the trial court's ruling that Shelter did not have a duty to defend Babin and therefore acted in good faith concerning the duty to defend. *Id.* at *9–10. Babin also sought review of the trial court's judgment that dismissed with prejudice Babin's claims that Shelter misrepresented the coverage under the Shelter policy and failed to indemnify Babin. *Id.* at *4. The Louisiana First Circuit held that this issue was not properly before the court on appeal because Shelter had admitted coverage and paid its policy limits plus interest after the jury trial portion of the bifurcated trial. *Id.* at *5. As a result of the Louisiana First Circuit's ruling, the trial court's judgment is now a full and final judgment, and it states the following:

> IT IS FURTHER ORDERED that, with respect to the cross-claim of Paul Babin, the claims for bad faith insurance practices under La. R.S. 22:1892 and 1973 against Shelter Mutual Insurance Company be and hereby are dismissed, with prejudice.

*See Final J.* 3, Doc. 20-5.

Smith then filed the instant action, under an assignment of rights from Babin, seeking to collect from Shelter the excess amount of the state trial court judgment beyond Babin's insurance

2

policy liability amount of $10,000 per person, and also for bad faith damages pursuant to La. R.S. 22:1892 & 22:1973.[1] *Compl.* 3–6, Doc. 1. Shelter has now filed the instant motion, arguing that this entire action is precluded by res judicata. *See Def.'s Supp. Mem.* 7–9, Doc. 20-1. Specifically, Shelter urges this court to dismiss the entire suit based upon the principles of res judicata found in La. R.S. 13:4231(2)–(3). *Id.*

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course,

---

[1] Smith himself does not have a cause of action against Shelter because he is not a party to the insurance contract. Instead, Smith seeks to recover against Shelter, on behalf of Babin, for Shelter's bad faith practices under Louisiana R.S. 22:1892 & 22:1973.

competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

### III.   DISCUSSION

#### A.   Claims for Excess Judgment Liability

As a preliminary matter, the Court notes that in its motion (Doc. 20), Shelter seeks dismissal of the plaintiff's entire suit. However, Shelter only argues for summary judgment as to the plaintiff's claims for bad faith under La. R.S. 22:1892 & 22:1973. *See Def.'s Supp. Mem.*, Doc. 20-1. Shelter does not explain how it is entitled to judgment as a matter of law on the plaintiff's cause of action for excess judgment liability. *Id.* Therefore, summary judgment cannot be granted on this cause of action. *Id.* Additionally, for the reasons more fully stated in the plaintiff's opposition (Doc. 25), the Court finds that the cause of action for excess judgment liability could not come into existence until the initial judgment was rendered, and is thus not barred by res judicata. Nevertheless, the Court has serious doubts as to whether this type of claim remains viable under the circumstances of this case.

#### B.   Claims for Bad Faith Damages

When deciding whether to give preclusive effect to an earlier state court judgment in a subsequent federal lawsuit, a federal court sitting in diversity applies the preclusion law of the state in which the judgment was rendered. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000). Louisiana law governing res judicata provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

4

\* \* \*

>(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
>(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. R.S. 13:4231. The "chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action." *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003). The Louisiana Supreme Court has further instructed that "a second action is precluded when all of the following criteria are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." *Id.* For a judgment to be valid, it must be rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. *Id.* Moreover, a "final judgment" is one that "disposes of the merits in whole or in part." *Id.*

Here, there is no dispute that the judgment is valid because the parties agree that the 19th Judicial District Court was a court of competent jurisdiction for a personal injury and bad faith claims under an insurance policy in Louisiana. There is also no dispute that the parties in the state court action and the present action are identical for the purposes of res judicata.[2]

---

[2] In Louisiana, the requirement of "identity of parties" does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities or be in privity in both suits. *Burguieres v. Pollingue*, 843 So. 2d 1049, 1054 (La. 2003). Although here the physical identities of the parties are not identical, there is no dispute that the parties are identical for the purposes of res judicata because Smith is appearing under an assignment of rights from Babin.

5

As to the remaining elements, the Court finds that there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law on the plaintiff's claims for bad faith damages on the basis of res jurdicata. Specifically, as to the fourth and fifth factors, there is no genuine issue of material fact that the cause of action for bad faith damages by Babin against Shelter existed at the time of final judgment in the first litigation, and that the cause of action arises out of the same transaction or occurrence that was the subject matter of the first litigation. The cause of action for bad faith damages clearly existed at the time of the final judgment because Babin, as a defendant in the underlying state court action, filed a cross-claim against Shelter seeking relief under both Louisiana R.S. 22:1892 & 22:1973 alleging Shelter's bad faith in refusing to provide Babin with a legal defense, misrepresenting the coverage under the Shelter policy, and failure to indemnify Babin. In the instant action, under an assignment of rights from Babin, Smith seeks damages from Shelter based on the same cause of action and arising out of the same conduct, i.e., "disregard[ing] its duties to, and the interests of, its insured in violation of La. R.S. 22:1973 and/or La. R.S. 22:1892." *See Compl.* 5, Doc. 1. Therefore, the "chief inquiry" of whether the claim for bad faith damages arises out of the transaction or occurrence that was the subject matter of the first action is satisfied. *Burguieres*, 843 So. 2d at 1053.

As to the final remaining factor—whether the judgment was final—the plaintiff argues that the state court action merely determined that Shelter did not have a duty to defend, and thus there has been no final judgment "on the merits" of his claim for bad faith under the duty to indemnify. *See Pl.'s Opp'n* 6–9, Doc. 25. Specifically, the plaintiff argues that "[a] reading of the opinion of the Louisiana First Circuit Court of Appeal shows that Shelter withdrew its coverage argument at the conclusion of the jury portion of the bifurcated trial. As such, the coverage issue, which was to be tried to the bench, was never considered by the trial court nor was it subsequently considered

6

on appeal." *Id.* at 6. The Court disagrees, and finds that there has been a valid judgment "on the merits" of the plaintiff's claim for bad faith under the duty to indemnify.

The parties litigated the claim of insurance coverage and bad faith issues in a bifurcated bench trial. The trial court's final, written judgment dismisses with prejudice Babin's claims for duty to defend against Shelter as well as "with respect to the cross-claim of Babin, the claims for bad faith insurance practices under La. R.S. 22:1892 and 1973 against Shelter Mutual Insurance Company." *Final J.* 3, Doc. 20-5. In its oral reasons for its ruling, the state trial court stated: "Shelter was not arbitrary, capricious, or in any way in bad faith making its decision that it did not have coverage, nor did it have a duty to defend . . . . There was no arbitrary and capricious action, there was no failure in any part of the duties of the insurer." *Tr. of Bifurcated Trial* 43–44, Doc. 26-1. The Court agrees with the defendant that it is clear from these oral reasons from the court, read together with the final judgment dismissing with prejudice Babin's cross-claim for bad faith insurance practices under La. R.S. 22:1892 & 22:1973 against Shelter, that the trial court dismissed *all* of Babin's claims against Shelter under La. R.S. 22:1892 & 22:1973 on the merits. Moreover, Shelter's decision to indemnify Smith after the bifurcated trial did not dispose of, nor does it affect in any way, the good faith obligations that Shelter owed to Babin when Shelter made its initial determination as to whether coverage was owed under the contract. Thus, the trial court's decision was a final judgment on the merits because it did, in fact, adjudicate whether or not Shelter had breached all of its duties of good faith.

### IV.   CONCLUSION

For the reasons stated above, the defendant's Motion for Summary Judgment (Doc. 20) is **GRANTED in part and DENIED in part**. Specifically, summary judgment is **GRANTED** as to

7

the plaintiff's claims for bad faith damages under La. R.S. 22:1892 & 22:1973, and **DENIED** as to the plaintiff's claims for excess judgment liability.

Signed in Baton Rouge, Louisiana, on August 19, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**