UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRADLEY W. SMITH | CIVIL ACTION |
| VERSUS | NO. 15-357-JJB-RLB |
| SHELTER MUTUAL INSURANCE CO. | |

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery and Sanctions (R. Doc. 42) filed on October 7, 2016. No opposition has been filed as of the date of this Order.

This is an insurance action arising out of an automobile accident in August 13, 2001. The parties litigated the underlying tort action in state court and Bradley Smith ("Plaintiff") obtained a judgment. Under an assignment of rights from the tortfeasor, Plaintiff filed the instant action to obtain from the tortfeasor's insurer, Shelter Mutual Insurance Co. ("Defendant"), excess judgment liability and bad faith damages.

On August 19, 2016, the district judge dismissed Plaintiff's claims for bad faith damages as barred by res judicata, but allowed Plaintiff to proceed on his excess judgment liability claims. (R. Doc. 27). Both parties have appealed this ruling. (R. Doc. 36; R. Doc. 39). The appeal is scheduled for oral argument before the Fifth Circuit on May 1, 2017. *See Bradley Smith v. Shelter Mutual Insurance Co.*, No. 16-31020 (5th Cir.).

Through the instant motion, Plaintiff seeks supplemental responses to interrogatories and requests for production propounded on June 24, 2016. (R. Doc. 42-3).

The Court has reviewed the record, including the issues on appeal, the outstanding discovery requests, and the Scheduling Order. As the forthcoming ruling by the Fifth Circuit

may alter the scope of permissible discovery in this action, the Court will deny the instant motion to compel with leave to refile after the issuance of the Fifth Circuit's ruling.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery and Sanctions (R. Doc. 42) is **DENIED** without prejudice to refile within **30 days** after the issuance of a ruling by the Fifth Circuit on the pending appeals. Prior to the filing of any renewed motion to compel, the parties are to meet-and-confer as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure. The renewed motion to compel shall specifically set forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties.

Signed in Baton Rouge, Louisiana, on April 24, 2017.

                                             **RICHARD L. BOURGEOIS, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**