UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADLEY W. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-357-JJB-RLB** |
| **SHELTER MUTUAL INSURANCE CO.** | |

**ORDER**

Before the Court is Plaintiff's Motion to Compel Discovery and Sanctions (R. Doc. 64) filed on August 18, 2017. The Motion is opposed. (R. Doc. 65). Plaintiff has filed a Reply. (R. Doc. 68).[1]

**I.     Background**

On July 13, 2017, the Court granted in part a motion to compel filed by Bradley W. Smith ("Plaintiff"), ordering Shelter Mutual Insurance Co. ("Shelter") to provide supplemental responses to certain discovery requests on or before July 24, 2017. (R. Doc. 63).

On August 3, 2017, the parties held a discovery conference in which Plaintiff's counsel identified certain alleged deficiencies with regard to Shelter's supplemental responses to Plaintiff's Interrogatory No. 7 and Request for Production No. 9. (R. Doc. 64-9).

On August 18, 2017, Plaintiff filed the instant motion. (R. Doc. 64). First, Plaintiff argues that Shelter's response to Interrogatory No. 7 is non-responsive to the interrogatory. (R. Doc. 64-1 at 1-3). Second, Plaintiff argues that Shelter's response to Request for Production No. 9 is insufficient because Plaintiff did not produce certain documents identified in its written supplemental response. (R. Doc. 64-1 at 3-4). In light of the foregoing, Plaintiff seeks an order

---

[1] Plaintiff's Request for Oral Argument, first raised in his Reply, is **DENIED**. Oral argument on the instant motion is unnecessary.

precluding Shelter from refiling a motion for summary judgment, or, in the alternative, an order awarding Plaintiff costs and attorney's fees incurred in bringing this motion. (R. Doc. 64-1 at 4-6).

On August 28, 2017, Shelter produced the outstanding documents responsive to Request for Production No. 9. (R. Doc. 65-2).

## II. Law and Analysis

### A. Legal Standards

Rule 37 of the Federal Rules of Civil Procedure provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Instead of or in addition to sanctions permitted under Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Because the Court has already ordered Shelter to provide complete responses to Plaintiff's Interrogatory No. 7 and Request for Production No. 9, the Court will consider whether Shelter's supplemental responses are deficient and merit the imposition of sanctions pursuant to Rule 37(b)(2). There is no dispute that these discovery requests seek information within the scope of discovery pursuant as defined by Rule 26(b)(1). The sole dispute with regard to Shelter's supplemental responses is whether they constitute "evasive or incomplete" disclosures,

answers, or responses that "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.      Analysis**

**1.      Interrogatory No. 7**

Interrogatory No. 7 requests Shelter to identify whether it knew, at any time during the underlying state court litigation, that the exclusionary language in the policy at issue "relied upon for a denial of coverage required a showing that the injuries caused must have been expected or intended from the standpoint of the insured" and, if so, to state when Shelter first became "aware of this fact." (R. Doc. 64 at 3).

Shelter originally responded to this interrogatory by stating that it "seeks a legal conclusion from the attorneys representing Shelter and as such is protected by attorney-client privilege." (R. Doc. 63 at 16). The Court ordered Shelter to provide a supplemental response to this interrogatory, identifying the extent to which it is seeking to assert the attorney-client privilege. (R. Doc. 63 at 16-17).

In accordance with the Court's order, Shelter provided the following supplemental response: "Shelter at all times was aware of the exclusionary language in the policy issued to Paul Babin and how Louisiana court[s] have interpreted that particular exclusionary language." (R. Doc. 64 at 3). Accordingly, Shelter has abandoned its objection based on the attorney-client privilege.

Plaintiff argues that the foregoing response is "non-responsive to the question posed" because Shelter does not identify whether it "knew that the exclusionary language required a showing that the injuries caused must have been expected or intended (i.e., subjective intent) from the standpoint of the insured." (R. Doc. 64-1 at 2). Plaintiff notes that its use of the phrase

"subjective intent" is merely "short hand to define how the courts have interpreted the exclusionary language although that exact phrase is not included in the interrogatory." (R. Doc. 64-1 at 2 n.1). In opposition, Shelter maintains that its response is "clear and unequivocal," as it states that at all times it has been "aware of its policy language and how the Louisiana courts have interpreted that particular exclusionary language." (R. Doc. 65 at 2).

The Court agrees with Shelter that it has provided a sufficient response to Interrogatory No. 7. Shelter has specifically provided that it was aware of the particular exclusionary language and jurisprudence regarding such language at all times. Given the nuances regarding "subjective intent" in the relevant jurisprudence, as acknowledged by Plaintiff in his brief, the Court will not require Shelter to answer further.

### 2. Request for Production No. 9

Request for Production No. 9 seeks production of insurance policy form A-256-A, any previous or subsequent version of the form, and any revised or replacement versions of the form if it is no longer in use. (R. Doc. 64 at 4).

Shelter originally responded to this request for production by stating that that the actual policy issued "is the best evidence of the insurance coverage provided by Shelter to Paul Babin at the time of the collision." (R. Doc. 63 at 23-24). The Court ordered Shelter to provide a supplemental response to this request for production on the basis that it seeks relevant information. (R. Doc. 63 at 24).

In accordance with the Court's order, Shelter produced documents concerning insurance form A-256-A and its retention policies concerning policy documents, further stating in a chronological narrative that Form A-256-A was replaced by Form A-623-A, and that Form A-623-A was replaced by Form A-14.1-A. (R. Doc. 64 at 4). There is no dispute that Shelter did

4

not produce copies of Form A-623-A or Form A-14.1-A with its supplemental response. After the filing of the instant motion, Shelter produced those documents on August 28, 2017. (R. Doc. 65-2).

Based on the foregoing, the Court concludes that Plaintiff's Motion with regard to Request for Production No. 9 is moot to the extent it seeks an order compelling production of copies of Form A-623-A or Form A-14.1-A. The Court will consider below whether any sanctions regarding this untimely production is warranted.

### 3. Sanctions

While the Court finds an award of sanctions pursuant to Rule 37(b)(2)(A) to be inappropriate at this time, the Court will award to Plaintiff, pursuant to Rule 37(b)(2)(C), the reasonable expenses caused by Shelter's failure to comply with the Court's July 13, 2017 Order.

Shelter's failure to produce copies of Form A-623-A and Form A-14.1-A on July 24, 2017 violated the Court's July 13, 2017 Order. Contrary to Shelter's arguments, Plaintiff did not have a duty to conduct a Rule 37(a)(1) conference to obtain the documents already ordered produced by the Court. Furthermore, even though he had no duty to do so, Plaintiff contacted Shelter two weeks prior to filing the instant motion specifically noting that "Shelter's response identifies a number of policies but the documents were not enclosed," and requesting "that these documents be produced in a timely manner." (R. Doc. 64-9 at 1). Despite having been informed by Plaintiff that its written responses to Request for Production No. 9 identified certain policies that were not actually produced, Shelter waited until it received a copy of the instant motion to obtain and produce the missing documents. (R. Doc. 65 at 5). Finally, Shelter admits that while it had "requested" copies of Form A-623-A and Form A-14.1-A from its underwriting department, the documents were "inadvertently" not provided by its underwriting department.

5

(R. Doc. 65 at 5). This representation merely underscores that the unproduced documents were in Shelter's possession, custody, or control, and that Shelter failed to produce them within the time provided by the Court.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery and Sanctions (R. Doc. 64) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion, and that defendant Shelter shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs in light of the partial relief granted, Shelter shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Plaintiff shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining the partial relief provided in this Order; and

(3) Shelter shall, within 7 days of the filing of Plaintiff's Motion, file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

Signed in Baton Rouge, Louisiana, on September 7, 2017.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**