UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRADLEY W. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-357-SDD-RLB** |
| **SHELTER MUTUAL INSURANCE CO.** | |

## ORDER

Before the Court is Defendant's Motion to Compel Discovery Responses (R. Doc. 81) filed on November 29, 2017. The Motion is opposed. (R. Doc. 84).

**I.   Background**

This is an insurance action arising out of an automobile-pedestrian accident on August 13, 2001 involving Bradley W. Smith ("Smith" or "Plaintiff") and Paul Babin ("Babin"). After the accident, Smith filed a state court lawsuit against Babin and his insurance company, Shelter Mutual Insurance Company ("Shelter" or "Defendant"). After conducting a bifurcated trial, the trial judge dismissed with prejudice Babin's cross-claims against Shelter for alleged bad faith in refusing to provide Babin with a legal defense, misrepresenting the coverage under the Shelter policy, and failure to indemnify Babin. Thereafter, Babin sought review of the trial court's finding that Shelter did not have a duty to defend Babin. The Louisiana First Circuit Court of Appeal affirmed. Babin also sought review of the trial court's dismissal of his claims of misrepresentation and for failure to indemnify. The Louisiana First Circuit held the issue was not properly before the court on appeal because Shelter had admitted coverage and paid its policy limits after the jury trial portion of the bifurcated trial.

On June 3, 2015, Smith filed the instant lawsuit, under an assignment of rights from Babin, seeking to collect from Shelter the excess amount of the state trial court judgment beyond

the policy liability amount of $10,000 per person, and for bad faith damages pursuant to La. R.S. 22:1892 and La. R.S. 22:1973. (R. Doc. 1).

On July 24, 2017, Shelter served discovery requests on Smith. (R. Doc. 81-2 at 1-4). Through its Request for Production No. 1, Shelter sought production of the written document assigning rights from Babin to Smith. (R. Doc. 84-2 at 3). Smith provided responses on August 23, 2017. (R. Doc. 84-2). Smith objected to Request for Production No. 1 on the basis that the assignment of rights is not relevant to this litigation and contains a confidentiality provision. (R. Doc. 84-2 at 3). Smith provided a privilege log identifying the withheld the document. (R. Doc. 84-2 at 6).

On October 31, 2017, Shelter's counsel sent a letter to Smith's counsel stating that the information sought by Request for Production No. 1 is relevant and discoverable notwithstanding the confidentiality provision. (R. Doc. 81-3).

On November 3, 2017, Smith's counsel sent a letter to Shelter's counsel stating, in relevant part, that "[a]s to the assignment of rights . . . I do not personally object to disclosing the document but there is a confidentiality clause which prevents me from doing so absent a court order. I will, in response to any motion you may file, submit the document, under seal, and comply with any court order [requiring] disclosure." (R. Doc. 81-4).

On November 29, 2017, Shelter filed the instant Motion, which seeks an order requiring the assignment of rights to be produced. (R. Doc. 81). Smith opposes the Motion on the basis that Shelter has had the opportunity to verify that the assignment is a valid contract through other forms of discovery. (R. Doc. 84 at 1-2). Smith further states that he "will produce the requested document" as the Court deems appropriate, but requests that the document be "produced under

seal" and, if the document is filed into the record as an exhibit, that it be filed under seal. (R. Doc. 84 at 2).

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

**B.     Analysis**

Shelter's Request for Production No. 1, Smith's response, and Smith's privilege log, provide the following:

**Shelter's Request for Production No. 1:**

Please produce any and all agreements and/or contracts whereby Paul Babin assigned any and all rights to the plaintiff, Bradley Smith, or any of his attorneys, arising out of the August 13, 2001 automobile accident and its ensuing lawsuits, including any and all terms and agreements that may be related and supplemental to the assignment of rights.

(R. Doc. 84-2 at 3).

**Smith's Response to Shelter's Request for Production No. 1:**

Objection.  Smith cannot produce the requested document as same contains an effectuated confidentiality provision preventing the parties from disclosing the contents of the document.  Smith further objects as the contract for assignment of rights is irrelevant and immaterial to the disputes in question in the instant litigation.  See privilege log.

**Smith's Privilege Log**

1. Act of Compromise, Settlement and Assignment of and Subrogation to Rights by and between Bradley W. Smith and Paul R. Babin.  Said document is in possession of Scott M. Hawkins, counsel for Bradley W. Smith.

(R. Doc. 81-2 at 3; R. Doc. 84-2 at 3, 5).

As a preliminary issue, the information sought is relevant to Smith's assertion in the Complaint that he has been assigned Babin's claims. (*See* R. Doc. 1 at 6). That Shelter did not seek certain deposition testimony on the assignment does not render the actual document irrelevant. Accordingly, Smith's objection to the discovery request on the basis of irrelevance and immateriality is overruled.

While Smith submitted a privilege log identifying the assignment of rights, Smith did not withhold the document on the basis of the attorney-client privilege and/or the work product doctrine. The sole basis that Smith has withheld the document is the existence of a confidentiality provision in the document.

Given the foregoing, the Court will require Smith to produce the "Act of Compromise, Settlement and Assignment of and Subrogation to Rights by and between Bradley W. Smith and Paul R. Babin" identified on the privilege log.[1] To facilitate the exchange of the foregoing document, the Court also finds good cause pursuant to Rule 26(c) to limit Shelter's use of the assignment of rights for the sole and exclusive purpose of conducting this litigation. It may not be disclosed to any third party or the public without further orders from the Court. If either party files the assignment of rights into the record as an exhibit, the party shall file the document under seal with the Court in accordance with the Court's Administrative Procedures[2] and the document shall be handled by the Court in accordance with its procedures at the conclusion of the litigation.[3]

---

[1] Smith did not identify any additional documents responsive to Request for Production No. 1. To the extent any such additional responsive documents are in Smith's possession, custody, or control, Smith must also produce such documents to Plaintiff.

[2] The Administrative Procedures for Filing Electronic Documents in the United States District Court for the Middle District of Louisiana can be located at the court's website (http://www.lamd.uscourts.gov) under "E-Filing," "CM/ECF Info," "Administrative Procedures." (See pages 10-11).

[3] "Pleadings and other papers filed under seal in civil . . . actions . . . shall be maintained under seal for thirty (30) days following final disposition of the action. After that time, all sealed pleadings and other

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery Responses (R. Doc. 81) is **GRANTED** subject to the terms of this Order.  The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Smith shall produce the assignment of rights, subject to the terms of this Order, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that nothing in this Order shall preclude any party from seeking public disclosure of any document filed under seal in this litigation, or from otherwise seeking modification of this Order regarding the use of the assignment of rights subject to this Order.

Signed in Baton Rouge, Louisiana, on February 5, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

papers shall be placed in the case record unless the District Judge or Magistrate Judge, upon motion, orders that the pleading or other paper be maintained under seal." M.D. La. General Order No. 93-1.