**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

BRADLEY W. SMITH

VERSUS

SHELTER MUTUAL INSURANCE CO.

CIVIL ACTION

NO. 15-00357-SSD-RLB

**RULING**

Before the Court is Defendant Shelter Mutual Insurance Company's *Motion for Summary Judgment*.[1] Plaintiff Bradley W. Smith has filed an *Opposition*.[2] For the following reasons, the Defendant's *Motion* shall be granted.

**I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The Court is familiar with the factual background of this case. Plaintiff, Bradley W. Smith ("Smith"), and Paul Babin ("Babin") were involved in an automobile-pedestrian accident in August 2001. Subsequently, Plaintiff filed a state court lawsuit against Babin and his insurance company, Shelter Mutual Insurance Company ("Shelter"). After conducting a bifurcated trial, the state court trial judge dismissed with prejudice Babin's cross-claims against Shelter for alleged bad faith in refusing to provide Babin with a legal defense, misrepresenting the coverage under the Shelter policy, and failure to indemnify Babin. Babin appealed the trial court's decision, and the Louisiana First Circuit Court of Appeal affirmed.

On June 3, 2015, Smith filed the present lawsuit, under an assignment of rights from Babin, seeking to collect from Shelter the excess amount of the state trial court

---

[1] Rec. Doc. 100.
[2] Rec. Doc. 113.
46672

judgment beyond the policy liability amount of $10,000 per person, and for bad faith damages pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

After dismissing Smith's claims for bad faith damages, the only claim remaining before the Court is Smith's claim for excess judgment liability.[3] After reviewing the record, the Court is clear that Smith's claim for excess judgment liability is solely derived from Shelter's alleged breach of its duties under La. R.S. 22:1892 and La. R.S. 22:1973. Those claims have already been finally adjudicated by the state court.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[5] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[6] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[7] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the

---

[3] *See* Rec. Doc. 27.
[4] Fed. R. Civ. P. 56(a).
[5] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[6] *Guerin v. Pointe Coupee Par. Nursing Home*, 246 F. Supp. 2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)).
[7] *Rivera v. Houston Indep. Sch. Dist.,* 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[8]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[9] All reasonable factual inferences are drawn in favor of the nonmoving party.[10] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[11] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[12]

### III. ANALYSIS

When deciding whether to give preclusive effect to an earlier state court judgment in a subsequent federal lawsuit, a federal court sitting in diversity applies the preclusion law of the state in which the judgment was rendered.[13] Louisiana law governing *res judicata* provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> * * *

---

[8] *Willis v. Roche Biomedical Labs., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little,* 37 F.3d at 1075).
[9] *Pylant v. Hartford Life & Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[10] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[11] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[12] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. Of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[13] *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 436 (5th Cir. 2000).

46672

> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.[14]

The "chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action."[15] The Louisiana Supreme Court further instructed that "a second action is precluded when all of the following criteria are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation."[16] For a judgment to be valid, it must be rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given.[17] Moreover, a "final judgment" is one that "disposes of the merits in whole or in part."[18]

Here, all of the elements of preclusion are present. In denying Babin's cross claims alleging that Shelter owed him a duty to defend and was arbitrary and capricious in its failure and/or refusal to defend and/or indemnify him in the earlier litigation under La. R.S. 22:1892 and 22:1973, Judge Kelley of the 19th Judicial District Court stated:

---

[14] La. R.S. 13:4231.
[15] *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003).
[16] *Id.*
[17] *Id.*
[18] *Id.*
46672

> "Shelter was not arbitrary, capricious, or in any way in bad faith in making its decision that it did not have coverage, nor did it have a duty to defend.
> …
> There was no arbitrary and capricious action, there was no failure in any part of the duties of the insurer."[19]

The state district judge held there was no viable bad claim. That holding was affirmed by the Louisiana First Circuit Court of Appeal.[20] Accordingly, there is no dispute as to whether the Judgment of the 19th, which was affirmed by the First Circuit is valid and final.

The parties to both actions are identical. Smith's cause of action for excess judgment liability arose out of the earlier suit which determined liability for the underlying accident between Smith and Babin. Considering the fourth element, this Court previously held that the cause of action for excess judgment liability could not come into existence until the initial judgment was rendered.[21] After considering the briefs of both parties, it is clear that Smith's theory of liability for excess damages is premised upon those claims against Shelter for bad faith under La. R.S. 22:1892 and 22:1973. As previously stated, those claims which originally belonged to Babin, prior to his assignment of rights to Smith, have already been fully adjudicated, appealed, and the state court judgment dismissing the bad faith claims is final. Smith has put forth no theory of liability to recover damages in excess to the policy limits paid by Shelter in the underlying suit that has not been previously adjudicated in state court.

---

[19] Rec. Doc. 100-20, pp. 17-19.
[20] *Id.*
[21] Rec. Doc. 27, p. 4.
46672

## IV. CONCLUSION

For the foregoing reasons, Defendant Shelter Mutual Insurance Company's *Motion for Summary Judgment* is hereby GRANTED.[22]

Signed in Baton Rouge, Louisiana on July 11, 2018.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[22] Rec. Doc. 100.
46672